JONATHAN S. PARKER *vs.* WILLIAM PAGE.

An appeal from the judgment of two justices of the peace and of the quorum, upon charges of fraud filed by a creditor against a debtor on his application to be admitted to take tha poor debtors' oath, must be entered at a civil term of the court of common pleas, in a county where distinct terms are established for the transaction of civil and criminal business.

APPEAL from a judgment of not guilty rendered by two justices of the peace and of the quorum, upon charges of fraud filed by a creditor against a debtor at his examination upon his application to be admitted to take the poor debtors' oath. The appeal was entered at a civil term of the court of common pleas; and the debtor, after being found guilty by a jury, moved to dismiss the action for want of jurisdiction, because it should have been entered at a criminal term; and, his motion being overruled, alleged exceptions.

*A. H. Nelson*, for the debtor. The charges of fraud filed by a creditor against his debtor, on his application to be admitted to take the poor debtors' oath, are of a criminal nature, and, if sustained, are punished as a crime. Rev. Sts. *c.* 98, §§ 28, 36. *Chamberlain* v. *Hoogs*, 1 Gray, 174. They should therefore, in a county where the civil and criminal business are transacted at distinct terms, be entered and tried at a criminal term.

*L. Marrett*, for the creditor.

BIGELOW, J. All the proceedings under Rev. Sts. *c.* 98, §§ 27–38, are in their main features essentially of a civil, and not a criminal nature. The charges of fraud which a creditor is allowed to file, by virtue of these provisions, are intended to be used by way of answer or plea in bar to the debtor's application for the benefit of the act for the relief of poor debtors, which is strictly in its inception and progress entirely a civil proceeding. No such charges can be made as an independent, distinct substantive process against a debtor. They are only incidental to the previous proceeding commenced by him to obtain his release from confinement on civil process. The statute therefore gives to them the characteristics of a civil proceeding. They are to

45 *

be served on the debtor in the same manner and by the same officer as civil process ; the justices who are to hear and determine them, are to " have the same powers, with respect to amendments, costs and all other incidents of the suit, as justices of the peace or other courts have in civil actions; " the witnesses are to attend " as in civil cases ; " and they are to be " considered in the nature of a suit at law." Rev. Sts. c. 98, §§ 29, 30. But the decisive answer to the motion to dismiss this case is, that it is expressly provided by § 32, that either party to the proceeding may appeal " in like manner as from the judgment of a justice of the peace in civil actions." Under these provisions, it is manifest that proceedings of this nature could have no proper place in a court exclusively of criminal jurisdiction. It is true that in case the debtor is found guilty of any of the charges alleged against him, he is liable to a sentence of confinement at hard labor in the county jail or house of correction for a term not exceeding one year. That certainly is an incident of a criminal proceeding. But it is also true that in such case the civil proceeding commenced by the debtor is thereby terminated. In its results, therefore, it partakes quite as much of a civil as a criminal proceeding, while in all other respects it is exclusively a civil proceeding.

The case of *Chamberlain* v. *Hoogs*, 1 Gray, 172, went no further than to decide that the provision of the practice act, prohibiting motions in arrest of judgment for causes existing before verdict, *St.* 1852, *c.* 312, § 22, did not apply to proceedings of this nature.        *Exceptions overruled.*